## BELKIN v ROBINSON
### Case No. 89-17906-CC-G
County Court, Broward County
December 29, 1989

**APPEARANCES OF COUNSEL**

**Ben A. Belkin,** pro se. (Floradale Apartments)

**Jeffrey A. Rubinton,** Legal Aid Service of Broward County, Inc., for defendant.

### OPINION OF THE COURT

WILLIAM W. HERRING, County Judge.

### *ORDER OF DISMISSAL WITH PREJUDICE*

THIS CAUSE came before the Court on December 4, 1989 upon Defendant's Motion to Dismiss the Plaintiff's Complaint for Tenant Eviction based upon waiver of right to an eviction pursuant to section 83.56(5), Florida Statutes. After considering the argument of the Plaintiff and the Defendant's counsel, the pleadings and applicable legal authorities, the Court makes the following findings of fact and conclusions of law.

## I.

### FINDINGS OF FACT

1. BEN L. BELKIN, owns and manages FLORADALE APART-MENTS, in Broward County, Florida.

2. The Defendant is a tenant of the Plaintiff under the United States Department of Housing and Urban Development (HUD) Section 8 rent subsidy program, and a portion of her rent subsidy was paid directly to the Plaintiff from the Fort Lauderdale Housing Authority (FLHA). The Defendant's portion was $227.00 and FLHA's portion was $248.00, totaling $475.00.

3. During the month of September, 1989, the Defendant lost her job, and as a result, the Fort Lauderdale Housing Authority was obligated to pay the Plaintiff the full amount of rent ($475.00) for the month commencing November, 1989.

4. At the end of October, 1989, within the time specified by a written lease between the parties hereto and an agreement between the Plaintiff and the FLHA, the FLHA mailed to the Plaintiff a check for the Defendant's November rent subsidy of $248.00 which reflected the amount of rent the Defendant owed the Plaintiff before the Defendant lost her job.

5. On November 16, 1989, the FLHA mailed to the Plaintiff a second check in the amount of $227.00 for the balance owing, excluding late charges, pursuant to its obligation to pay the full month's rent of $475.00 for the Defendant.

6. The Plaintiff testified he received the November 16, 1989 rent check on November 20, 1989.

7. On November 7, 1989, the Plaintiff served upon the Defendant a three-day notice to pay rent.

8. On November 13, 1989, the Plaintiff filed a Complaint for Tenant Eviction because he had not received the full rental amount on the date due.

9. However, the Plaintiff did not return the FLHA's November 16, 1989 check, but instead decided to hold it as evidence until the hearing on Defendant's Motion to Dismiss held December 4, 1989.

### II.

### CONCLUSIONS OF LAW

10. Chapter 83, Florida Statutes, specifically section 83.56(5), gov-

erns this proceeding since the issue in dispute is whether or not the Plaintiff's failure to promptly return rent monies constitutes waiver.

11. For the purposes of section 83.56(5), Florida Statutes, receipt of all rent owing without payment of any late fees is sufficiently close to and is tantamount to being full payment and, therefore, shall be considered full payment.

12. To avoid the consequences of the waiver statute (section 83.56(5), Florida Statutes), rent monies must be promptly returned to a tenant because retention thereof constitutes the power to negotiate and is an exercise of dominion and control over the monies which is inconsistent with refusal to accept the payment.

13. The Plaintiff's holding of the Defendant's November 16, 1989, rent check in the amount of $227.00 constitutes a waiver for the purposes of section 83.56(5), Florida Statutes.

Therefore, it is

ORDERED AND ADJUDGED that the Defendant's Motion to Dismiss be and is here by GRANTED, with prejudice.

DONE AND ORDERED in Chambers at Fort Lauderdale, Broward County, Florida, this 29th day of December, 1989.